**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| NANETTA L. GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-290-AZ |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Nanetta L. Glenn's appeal of the Commissioner of the Social Security Administration's (the "Commissioner") denial of disability benefits.[1] Plaintiff argues that the Administrative Law Judge ("ALJ") committed error by failing to provide sufficient reasons for rejecting Plaintiff's subjective claims as her limitations and for failing to adequately consider all of Plaintiff's impairments as part of the residual functional capacity determination when ruling on her application for benefits. For the reasons discussed, the Court disagrees with Plaintiff's arguments and finds no reversible error by the ALJ. Accordingly, the Court will affirm the ALJ's written decision.

[1] On July 8, 2025, the parties consented to the jurisdiction of the assigned Magistrate Judge for all purposes pursuant to 28 U.S.C. 636(c). *See* DE 8.

**Background**

Plaintiff Nanetta L. Glenn filed an application for disability insurance benefits on July 5, 2023. A.R. 20.[2] She was 44 years old when she applied. *See* A.R. 27. The ALJ's written decision stated that Plaintiff had "at least a high school education"[3] and past relevant work as a home health aide which previously performed at a "heavy" exertional level. *Id.* Plaintiff applied for benefits claiming a disability onset date of March 31, 2023. A.R. 20. Her claims were denied in her initial application and upon reconsideration, and she requested a hearing before an ALJ. *Id.* On January 8, 2025 the ALJ held a hearing at which Plaintiff was represented by attorneys and a vocational expert testified. *Id.* On February 21, 2025, the ALJ issued a written decision denying benefits. A.R. 20-29. Plaintiff timely appealed to the Appeals Counsel, and the Appeals Counsel denied Plaintiff's Request for Review. Plaintiff filed a complaint for District Court review. *See* DE 1. Because the Appeals Council denied review, the ALJ's written decision is the final decision for review by the Court. *See* 20 C.F.R. §§ 404.981, 416.1481. In that written decision, the ALJ followed the standard five-step process to determine whether Plaintiff was disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date—although in one quarter of 2023 she

---

[2] Citations to the Administrative Record, filed at DE 9, are throughout as "A.R."

[3] Plaintiff notes in her brief that she only completed the 11th grade and never obtained a G.E.D., so she more accurately should be described as having only some high school education. *See* DE 10 at 2 (citing A.R. 85). But this discrepancy does not appear to be material to the appeal as Plaintiff has not raised any education-related arguments.

earned $1,005, that was insufficient to constitute substantial gainful activity. A.R. 22. At step two, the ALJ found Plaintiff had the following severe impairments: cervical and lumbar spine degenerative disc disease (DDD), and chronic pulmonary disease (COPD)/asthma/emphysema. A.R. 23. Plaintiff's remaining impairment, for migraines, was determined to be non-severe. *Id.*

The ALJ next considered whether Plaintiff's documented severe impairments met or equaled any of the applicable listings. The ALJ determined Plaintiff did not meet Listing 1.15 or 1.16 which were potentially relevant given her impairments. *Id.* at 23. The ALJ likewise found that Plaintiff's impairments or the combination of them did not meet or equal any applicable listing because he did not have a documented medical need that satisfied all of requirements of any of these listings. *Id.* at 23-24.

Having found Plaintiff was not presumptively disabled based on any applicable listing, the ALJ moved on to assess her Residual Functional Capacity (RFC). The ALJ found Plaintiff had the capacity to perform sedentary work, with additional limitations including that she could:

> lift/carry/push/pull ten pounds occasionally and less than ten pounds frequently, to sit six hours, and to stand/walk two hours. She can climb ramps and stairs occasionally, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally; and she can never climb ladders/ropes/scaffolds. The claimant can never work at unprotected heights, and she can be exposed to dust, odors, fumes and pulmonary irritants occasionally.

A.R. 24. The ALJ then recounted the testimony and evidence from Plaintiff's medical history that supported or factored into the RFC. In doing so, the ALJ repeated stock language that almost always appears in these types of written decisions including the

conclusion that Plaintiff's "medically determinable impairments could reasonably be expected to cause alleged symptoms," her statements concerning "the intensity, persistence and limiting effects of these symptoms" were not entirely consistent with the record. A.R. 24-25.

The ALJ then went on to discuss the specifics of Plaintiff's medical records which factored into the decision or supported the conclusion. The ALJ discussed her treatment from 2022-2023 at "the Pain Clinic" for her back and spinal issues which included steroid injections. A.R. 25. As the ALJ noted, her exams "revealed a normal appearance, normal pulmonary effort and cardiovascular rate/rhythm, … a steady non-antalgic gait, unlabored respiration, and no neurological deficit." *Id.* The ALJ next noted that in January 2024, Plaintiff received a consultative exam where she was diagnosed with COPD, lower back pain with DDD, neck and shoulder pains, and migraine headaches, although her back pain was "not radiating." *Id.* Again, similar to her exam summaries from the years prior, much of the results were normal in that Plaintiff "was able to squat partially, to get onto and off the exam table with no difficult, and to pick up and grip coins with both hands." *Id.* Plaintiff continued to be treated for her breathing issues, received inhalers, and her conditions improved. A.R. 26. By August 2024, her "breathing difficulty had improved symptomatically" and by October 2024, she denied any complaints.

The ALJ further reviewed the opinions of the state agency medical consultants (referred to by the ALJ as disability determination services or DDS) who found that Plaintiff could perform" light work." The ALJ found these opinions to be unpersuasive

as unsupported by the medical evidence. A.R. 26. Instead, the ALJ seemed to credit the findings from Plaintiff's January 2024 consultative exam with Dr. Siddiqui, and thus as discussed above, the ALJ limited Plaintiff not to "light work" but to the more restrictive category of sedentary work with postural limitations because of her spinal issues.

At step four, the ALJ found Plaintiff could not perform her past relevant work as a home health aide. A.R. 27. However, the vocational expert testified that someone with Plaintiff's RFC could find other suitable employment commiserate with her abilities, including the representative jobs of food checker, call-out operator, and telephone solicitor, all of which could be performed at the sedentary level consistent with Plaintiff's RFC. *Id.* at 28. Accordingly, at step five, Plaintiff was found not to be disabled and the application for benefits was denied. *Id.*

**Discussion**

The Social Security Act authorizes judicial review of a final decision of the agency and states that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). A court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). "The threshold for this standard 'is not high.'" *Brace v. Saul*, 970

F.3d 818, 821 (7th Cir. 2020) (quoting *Biestek* 587 U.S. at 103). "Substantial evidence in this context means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting marks omitted).

Given this deferential level of review of agency decisions, the Court reviews the administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). Thus, the question is not whether the claimant is in fact disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

An ALJ must articulate their analysis of the evidence in such a way to allow the reviewing court to trace the path of their reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2019) (citations omitted). But "[a]n ALJ need not specifically address every piece of evidence." *O'Connor-Spinner*, 627 F.3d at 618. Remand is appropriate only "when it is unclear if the ALJ examined the full range of medical evidence, or if the court

cannot trace the ALJ's path of reasoning." *Wolford v. Kijakazi*, 658 F. Supp. 3d 664, 668 (N.D. Ind. 2023) (cleaned up).

Plaintiff's first argument is that that the ALJ's conclusions that Plaintiff's subjective claims as to the limitations imposed by her impairments were not supported by the record. To start, Plaintiff faces an uphill battle challenging the ALJ's credibility determination of her testimony. A Court will reverse an ALJ's determination of a claimant's subjective statements only if it is "patently wrong," an even more demanding standard than the deferential substantial evidence standard. *See Hohman v. Kijakazi*, 72 F.4th 248, 251 (7th Cir. 2023). That is in large part because it is the ALJ who hears the claimant's testimony—as opposed to a reviewing court who sees only a written record—so they are in the best position to assess credibility.

Plaintiff fails to support her argument with any citation to record evidence that she believes the ALJ ignored. She simply says the ALJ did not do enough to reject her testimony as to her own limitations and how those should be incorporated into Plaintiff's RFC. "It is not enough to criticize the ALJ's decision about her functional capacity to work." *Morales v. O'Malley*, 103 F.4th 469, 470 (7th Cir. 2024). Instead, a claimant "must point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record." *Id.* Plaintiff "bears the burden of proving that her impairments imposed particular restrictions on her ability to work." *Weaver v. Berryhill*, 746 F. App'x 574, 578-79 (7th Cir. 2018) (citation and internal quotation marks omitted). Thus, Plaintiff's failure to identify evidence that

the ALJ ignored or that provides support for her subjective testimony somewhat ironically hobbles this argument at the starting line.

Contrary to Plaintiff's assertions, the written decision demonstrates the ALJ considered several different lines of evidence which the ALJ determined undercut Plaintiff's testimony as to her own limitations. The ALJ discussed objective diagnostic imaging, A.R. 25; Plaintiff's history of treatment, including medication, and how it improved her symptoms, *id.* at 24-25; and Plaintiff's daily activities, *id*. at 25-26. Thus, Plaintiff's attempt to characterize the ALJ's written decision as nothing more than a "single, conclusory statement," DE 10 at 4-5, is simply false. Plaintiff may feel that the ALJ could have written more, but that alone is not a basis to reverse. *See Warnell v. O'Malley*, 97 F.4th 1050, 1053 (ALJs "are subject to only the most minimal of articulation requirements"). "The ALJ is not required to address every piece of evidence or testimony presented." *See Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). All that is required is substantial evidence and the ALJ cited evidence which undercut and discredited Plaintiff's testimony as to her own limitations. *See Roddy,* 705 F.3d at 636**.** Plaintiff of course disagrees with this conclusion, but the reviewing court's job is not to re-weigh the evidence either. *See Boiles*, 395 F.3d at 425.

Plaintiff's next argues that the ALJ did not adequately address that she was "diagnosed with and consistently treated for migraines." DE 10 at 6. The ALJ acknowledged Plaintiff's migraines and headaches at step two as "not severe." A.R. 23. This was because Plaintiff testified that "her migraines were relieved by medication." *Id.* This, coupled with the lack of other evidence in the record, led the

ALJ to conclude that Plaintiff's migraines did impose any work-related limitation. *Id.* The ALJ acknowledged this fact again when discussing Plaintiff's RFC later in the written decision. *Id.* at 24-25 ("…the claimant admitted her migraines are relieved by medication…"). A non-severe impairment does not mean the ALJ must impose some restriction in the RFC. *See Morales,* 103 F.4th at 471. The ALJ therefore did not include any specific limitations on account of Plaintiff's non-severe migraines. While the ALJ's discussion of the issue was not extensive, if there was not extensive evidence of the impairment and its effects, then a short discussion is all one might expect.

So, what migraines evidence does Plaintiff say the ALJ overlooked? She points to various medical records where she complained about headaches or her migraines diagnosis was documented. DE 10 at 7 (citing A.R. 904, 919, 928, 958-959, 971, 997, 1004, 1041, 1043, 1338, 1345, 1371, 1550, 1607, and 1767). And while she has gone further with this argument than with her first because she has included citations to the record, a plaintiff must do more than string cite the pages of the administrative record where the words migraine or headache appear in order to succeed on this type of argument. She must point to some evidence that the migraines (beyond her own subjective testimony which was found to be not entirely credible) imposed some additional limitation on her in order to demonstrate that the ALJ might have come to a different conclusion (or at least discussed the issue more) when formulating her RFC. *Morales*, 103 F.4th at 470. Importantly, Plaintiff does not point to any medical opinion which recommended or imposed any limitation relating to migraines or

headaches. "There is no error when there is 'no doctor's opinion contained in the record [that] indicated greater limitations than those found by the ALJ.'" *Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018) (quoting *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004)). The state agency physicians assessed no limitations or restrictions relating to migraines. *See* A.R. 95-97, 117, 119-20. In the end, all Plaintiff can point to is that "headache symptoms *could* cause exertional limitations." DE 10 at 6 (emphasis added). That is speculation, and speculation alone is not a basis to remand. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017).

**Conclusion**

For the reasons discussed, the Commissioner's decision is **AFFIRMED**, and the Clerk of Court is **DIRECTED** to enter judgment for the Defendant Commissioner of Social Security.

SO ORDERED this 24th day of August 2026.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT